## MOORE vs. GIBSON.

APPEAL FROM THE COURT OF THE SECOND DISTRICT

If the appellant rely on errors, apparent on the face of the record, and fail to make the assignment within the ten days next following that of filing the transcript of the record, the appeal will be dismissed.

This action was brought to obtain the seizure and sale of certain lands, situated in the parish of Terre Bonne, and a slave, mortgaged to secure the payment of the purchase money, of which a balance of three thousand two hundred and sixty-two dollars and seventy-five cents, was claimed to be due.

EASTERN DIS.
*January*, 1834.

MOORE
*vs.*
GIBSON.

The defendant, Gibson, presented his petition, denying that the formalities of the law had been pursued in obtaining the order of seizure, and demanding the rescission of the sale, on the ground of error, induced by the vendor; and obtained an injunction, staying proceedings on the order of seizure and sale. To this demand, and the other allegations of the defendant, the original plaintiff, Moore, pleaded a general denial.

Moore had judgment in the inferior court, for the claim, with damages against Gibson and his sureties in the injunction bond. Gibson appealed.

The clerk certified " that the foregoing transcript is a true and literal copy of all the proceedings, as well as of all the documents filed in the suit *of* S. G. Moore *vs.* T. A. Gibson." The record was filed on the 3d of June, 1833. Error on the face of the record was assigned on the 20th of January, 1834.

*Wheeler* and *Taylor*, for plaintiff and appellee, moved to dismiss the appeal.

1. The certificate is insufficient, inasmuch as it does not state that the record contains all the evidence adduced by the parties. *Code of Practice*, arts. 586, 602 *and* 896. *Ditto* vs. *Barton*, 6 *N. S.* 127. *Trenchard* vs. *Elderkin*, 3 *La. Reports* 294.

2. The appeal must be rejected, because there is no assignment of errors of law appearing on the face of the record. *Code of Practice*, *art.* 897. *Rule 4th of the Supreme Court.*

*Nicholls*, contra.

The court erred in compelling plaintiff in injunction to proceed to trial, in the absence of his counsel.

MARTIN, J., delivered the opinion of the court.

The appeal in this case must be dismissed, the record or transcript filed in this court by the appellant, is not certified

as containing all the evidence adduced at the trial. There is no statement of facts, no bill of exceptions or special verdict, and the appellant has suffered ten days to elapse since the record was filed, without making any assignment of errors. *Code of Practice,* 586 and 896. 6 *Martin, N. S.* 127. 3 *La. Reports* 294.

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed, with costs.

EASTERN DIS.
*February*, 1834.

If the appellant rely on errors, apparent on the face of the record, and fail to make the assignment within the ten days next following that of filing the transcript of the record, the appeal will be dismissed.